UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
COURTNEY M. DANIELS, :
: CASE NO. 1:11-CV-806
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 27]
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Courtney M. Daniels seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Though the Commissioner does not dispute her entitlement to fees, or the reasonableness of the hours billed on her case, he challenges the hourly billing rates used in calculating in her fee application. Because Plaintiff's experience in this field warrants a fee increase beyond the presumptive statutory maximum, the Court **GRANTS** the Plaintiff's application, **AWARDS** attorney fees to the Plaintiff at the rate of $175 per hour for 2011 compensable hours, and $179.59 per hour for 2012 compensable hours, and **ORDERS** payment consistent with this opinion.

**I. Background**

On April 25, 2011, Plaintiff Courtney Daniels filed a complaint seeking review of the Defendant Commissioner of Social Security's decision to deny her application for disability benefits under the Social Security Act, 42 U.S.C. § 405(g). [Doc. 1.] The matter was referred to Magistrate Judge Kathleen B. Burke under Local Rule 72.2. On May 7, 2012, Magistrate Judge Burke issued

Case No. 1:11-CV-0806
Gwin, J.

a Report and Recommendation recommending that this Court reverse the Commissioner's decision. [Doc. 23.] The Commissioner filed a response on May 21, 2012 stating that he would not file an objection to the Report and Recommendation. [Doc. 24.] On August, 13, 2012, the Court adopted Magistrate Judge Burke's Report and Recommendation, reversed the Commissioner's decision, and remanded this case for further proceedings. [Doc. 25.]

On November 8, 2012, the Plaintiff filed this application for attorney fees under the Equal Access to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). She seeks an award of attorney fees at the rate of $175.00 per hour for compensable hours billed in 2011, and $179.59 per hour in 2012. [Doc. 27 at 4-5.]

## II. Legal Standard

Under the EAJA, a prevailing party in litigation with the United States is presumptively entitled to reasonable attorney fees unless the government shows that the position of the United States was substantially justified, or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A Social Security claimant who obtains a remand order from a federal district court pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292 (1993).

The EAJA does, however, provide a presumptive $125.00 statutory cap on the hourly billing rates that a prevailing party may be reimbursed.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no

Case No. 1:11-CV-0806
Gwin, J.

> expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A prevailing party may seek fees in excess of the presumptive statutory cap, but "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

### III. Discussion

The parties do not dispute the Plaintiff's entitlement to attorney fees. Nor do the parties dispute the number of hours billed by the Plaintiff's attorney in this case. The only issue for the Court's consideration is the appropriate hourly rate upon which her fee award should be based.

The Plaintiff says that the Court should award fees in excess of the usual $125.00 hourly limit. First, she says that the cost of living has increased since 1996, when the EAJA cap was increased from $75.00 to its current presumptive limit of $125.00. [Doc. 27 at 4.] Second, she says that she is entitled to increased fees because the prevailing hourly rate customarily charged by her attorney, and by similar practitioners in this District, is higher than the statutory cap. [Doc. 27 at 4.] She notes her attorneys' over-thirty years of experience in Social Security cases. [Doc. 27 at 5.]

*I. Cost-of-Living Increases*

The Plaintiff is correct that cost-of-living expenses, if adequately shown to impact the availability and cost of providing adequate legal services, may justify a fee award beyond the presumptive statutory cap. 28 U.S.C. § 2412(d)(2)(A). But unlike the jurisdictions to which the Plaintiff misdirects the Court's attention, [Doc. 27 at 4], the Sixth Circuit does not treat Consumer Price Index-based fee increases "as perfunctory or . . . mandatory" but "leaves the matter to the

Case No. 1:11-CV-0806
Gwin, J.

sound discretion of the district court." *Begley v. Sec'y of Soc. Sec.*, 966 F.2d 196, 200 (6th Cir. 1992). In the Sixth Circuit, evidence from the Consumer Price Index is "not enough" to justify an increase in fees. *Bryant*, 578 F.3d at 450; s*ee also Darabed v. Astrue*, No. 1:10-cv-2626, ECF Doc. No. 26 (N.D. Ohio May 30, 2012) (denying increased-rate fee award); *Williams v. Astrue*, No. 3:10-cv-02354, ECF Doc. No. 25, at 5 (N.D. Ohio May 23, 2012) (same).

Here, apart from her insufficient reference to the Consumer Price Index, the Plaintiff makes no showing that the practice at the $125 rate is commercially impracticable. She therefore fails to bear her burden of proof to show that inflation justifies a cost-of-living increase. *Begley*, 966 F.2d 196 ("The issue is, and must remain, whether these increases in the cost of living 'justif[y] a higher fee.'"); *see also Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (Posner, J.) ("The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.") (emphasis in original) (citing *Bryant*, 578 F.3d at 450.)

*II. Prevailing Rates and Special Factors*

The Plaintiff says that she is entitled to a fee increase because the prevailing market rates for Social Security litigation are substantially higher than the statutory cap. But a higher prevailing rate, if established, simply triggers the statutory cap. It does not *ipso facto* satisfy the plaintiff's burden to demonstrate special factors to justify increased fees. *See Matthews-Sheets*, 653 F.3d at 562 ("The Equal Access to Justice Act does not authorize an award of the prevailing hourly rate, as such, unless it is less that $125 an hour."). Even if the prevailing local rate for identical services exceeds the statutory cap, the Plaintiff must still demonstrate special factors that warrant an increased award

Case No. 1:11-CV-0806
Gwin, J.

before she may receive enhanced fees.

In this case, Plaintiff submits evidence of median attorney billing rates–organized only by firm size and metropolitan region–from the Ohio State Bar Association in support of her requested fee increase. [Doc. 27-1.] But the Court must consider "the prevailing market rate for attorneys' services *of the kind and quality rendered in this case*." Begley, 966 F.2d at 200 (emphasis added). Without any indices as to kind or quality of services rendered, the Ohio State Bar Association survey data is insufficient. The billing data from the Plaintiff's Consumer Law survey is equally unhelpful, for there is no indication that any Social Security-specific practices comprise any statistically significant position–or any position at all–among the survey respondents.[1/] Neither survey establishes any meaningful prevailing rate for the legal services "of the kind and quality" provided here, much less any specific facts that might warrant a fee increase were the prevailing rate higher than the presumptive fee cap.

The Plaintiff also says that she is entitled to increased fees because her attorney customarily charges clients significantly more than $125.00 per hour. This may be true, but her individuated billing rates are not themselves a "special factor" for the purposes of the EAJA. They do not demonstrate that "a lawyer capable of competently handling the challenge that [her] client mounted to the denial of Social Security disability benefits could not be found in the relevant geographical area to handle such a case." Matthews-Sheets, 653 F.3d at 563. And the public record shows otherwise. Bouter v. Comm'r of Soc. Sec., No. 1:09-cv-2682, ECF Doc. No. 21 at 1 (N.D. Ohio Dec.

---

[1/] The survey describes its heartland respondents as practicing in the fields of fair credit, consumer banking, and credit discrimination lawsuits. *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report, 2010-11, at 1 (available at www.lb7.uscourts.gov/documents/ILSD/11-53.pdf) (last accessed December 17, 2012). It was circulated among members of the National Association of Consumer Advocates, an advocacy group that does not include Social Security benefits among its "Key Issues."

Case No. 1:11-CV-0806
Gwin, J.

1, 2011) (motion for attorney fees) (requesting fee award for Social Security advocacy at rate of $125.00 per hour.)

Similarly, though the Plaintiff avers that her attorney's practice is both specialized and experienced, niche expertise "does not in itself warrant a fee in excess of the statutory rate." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). The EAJA permits plaintiffs to seek enhanced fees where specific skills and knowledge necessary to litigate of a particular case are not held among more general practitioners. *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("limited availability" exception "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question," but only permits above-cap reimbursement where counsel with requisite speciality cannot be procured at the statutory cap). General evidence that her attorney specializes in Social Security advocacy does not justify enhanced fees. *See Fawcett v. Barnhart*, No. 4:04-cv-2448, 2008 WL 2783494, at *5 (N.D. Ohio July 15, 2008) (O'Malley, J.) ("Plaintiff's counsel's expertise in Social Security cases [including specialized subject-matter knowledge and practice-based accreditation] does not justify the enhanced hourly rate.").

Nonetheless, the Plaintiff insists that her requested (enhanced) fee "has been recognized as the customary hourly rate in this Court." [Doc. 27 at 6.] The court acknowledges that Judges in this district have on occasion granted fees at rates above the presumptive cap. *See, e.g. Tantari v. Astrue*, No. 1:11-cv-901, ECF Doc. No. 28, at 4 (N.D. Ohio August 16, 2012) (collecting cases granting higher awards); . Nonetheless, no authority excuses the Court from its duty to exercise its discretion consistent with the evidence in this application. To the contrary, in the Plaintiff's first case, Magistrate Judge Limbert correctly noted that fee applications must be reviewed independently in each case for reasonableness. *Griffiths v. Comm'r of Soc. Sec.*, No. 1:09-cv-2453, ECF Doc. No. 33,

-6-

Case No. 1:11-CV-0806
Gwin, J.

at 5 (N.D. Ohio June 2, 2011) (order granting fee award). And though what appears to be an identical CPI-schedule-based fee award increase was recently awarded to another of the Plaintiff's attorney's clients, that Order does not support the notion that those fees should be treated as presumptively reasonable for every future fee application filed in this District. *Lightfoot v. Astrue*, No. 1:10-cv-01273, 2012 WL 1109990, at *4 (N.D. Ohio Mar. 31, 2012) (Lioi, J.).

Yet in context of this discretion, the Court recognizes that Plaintiff's attorneys have over-thirty years of experience, each, in Social Security law. [Doc. 27 at 5.] Ms. Balin says that she has spent more than eighteen of those years practicing solely Social Security disability law and Ms. Pettit the entirety of her career. [Doc. 27 at 5.] With experience comes greater familiarity, facility, and, therefore, speed. This Court has recognized that Social Security cases often involve thirty to forty hours of work. *See Kane v. Astrue*, 1:10CV1874, 2012 WL 5357781 at *4 (N.D. Ohio Oct. 31, 2012); *see also Grooms v. Comm'r of Soc. Sec.*, 2:08-14189, 2011 WL 4536886 (E.D. Mich. Sept. 30, 2011); *cf. Hayes v. Sec'y of Health & Human Services*, 923 F.2d 418, 420 (6th Cir. 1990). Plaintiff requests fees for just nineteen hours of work. [Docs. 27-5, 27-6.] While no two cases are identical, economies based on Plaintiff's attorneys' experience in this area at least warrant that the time spent on this matter be compensated at a higher rate. *See, e.g., Willis v. Comm'r of Soc. Sec.*, 10-CV-594, 2012 WL 4322604 (S.D. Ohio Sept. 20, 2012) (citing attorney's thirty-five years of experience).

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion for attorney fees,

Case No. 1:11-CV-0806
Gwin, J.

**AWARDS** attorney fees of $3,359.42 to the Plaintiff, and **ORDERS** payment consistent with this order.

    IT IS SO ORDERED.


Dated: January 4, 2013          s/ *James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE