UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
COURTNEY M. DANIELS, :
: CASE NO. 1:11-CV-806
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 35.]
COMMISSIONER OF SOCIAL :
SECURITY, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security case, the Government moves this Court to alter or amend its earlier judgment granting Plaintiff attorneys' fees.[1] Because the Government does not identify grounds for relief under Federal Rule of Civil Procedure 59 and because the Court stands by its earlier order, the Court **DENIES** the government's motion.

On November 8, 2012, the Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[2]

She sought an award of attorney fees at the rate of $175.00 per hour for compensable hours billed in 2011, and $179.59 per hour in 2012.[3]

After consideration of the relevant law, this Court determined that Plaintiff's attorneys have

---

[1] [Doc. 35.]

[2] 28 U.S.C. § 2412(d)(1)(A).

[3] [Doc. 27 at 4-5.]

Case No. 1:11-CV-0806
Gwin, J.

over-thirty years of experience, each, in Social Security law.[4] With experience comes greater familiarity, facility, and, therefore, speed. This Court has recognized that Social Security cases often involve thirty to forty hours of work.[5] Plaintiff requested fees for just nineteen hours of work.[6] Acknowledging that no two cases are identical, the Court reasoned that economies based on Plaintiff's attorneys' experience in this area at least warrant that the time spent on this matter be compensated at a higher rate than the presumptive statutory cap of $125 per hour.[7]

The Government now moves this Court to alter or amend this earlier order pursuant to Federal Rule of Civil Procedure 59 because "circuit courts around the country have held that litigation of Social Security matters does not require expertise outside the general ability of an attorney that would warrant an enhanced fee beyond the statutory rates."[8] Daniels says that the Court should deny the motion because "[t]he Commissioner has not proven that this Court's ruling is based on clear error, particularly since he acknowledges that the law clearly gives the Court authority to increase the fee above the statutory amount based on the Court's own discretion."[9]

"A district court may alter or amend a judgment under Civil Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or

---

[4] [Doc. 27 at 5.]

[5] *See Kane v. Astrue*, 1:10CV1874, 2012 WL 5357781 at *4 (N.D. Ohio Oct. 31, 2012); *see also Grooms v. Comm'r of Soc. Sec.*, 2:08-14189, 2011 WL 4536886 (E.D. Mich. Sept. 30, 2011); *cf. Hayes v. Sec'y of Health & Human Services*, 923 F.2d 418, 420 (6th Cir. 1990).

[6] [Docs. 27-5, 27-6.]

[7] *See, e.g., Willis v. Comm'r of Soc. Sec.*, 10-CV-594, 2012 WL 4322604 (S.D. Ohio Sept. 20, 2012) (citing attorney's thirty-five years of experience).

[8] [Doc. 35-1 at 5.]

[9] [Doc. 40 at 2.]

Case No. 1:11-CV-0806
Gwin, J.

otherwise prevent manifest injustice."[10]

The Government does not cite a manifest injustice, nor does it present any newly discovered evidence or cite an intervening change in the controlling law. Instead, the Government seems to suggest that because numerous circuits have declined to award attorneys' fees above the presumptive statutory rate based on counsel's experience alone, this Court has committed an error. This argument fails. First, this Court cited two factors in its earlier decision: counsel's experience *and* the uncharacteristically low number of hours billed towards this matter. Second, as the Government's string citation shows, the Sixth Circuit does not appear to have addressed the relevance of experience to attorney billing rates in Social Security matters. Thus, this Court committed no clear error of law.

Because the Court finds no basis on which to grant Rule 59 relief, the Court **DENIES** the Government's motion.

IT IS SO ORDERED.


Dated: April 4, 2013                        s/    *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[10] *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012).