UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CORTNEY DANIELS, : Case No. 1:11-CV-806
:
        Petitioner, :
:
  vs. : OPINION & ORDER
: [Resolving Doc. Nos. 42, 44]
CAROLYN W. COLVIN, :
Acting Commissioner of Social Security, :
:
        Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Social Security case, Plaintiff Courtney Daniels seeks approval for $15,159.05 in attorneys' fees.[1] Respondent Acting Commissioner does not oppose.[2] This Court concludes that awarding $15,159.05, or $797.84 per hour, would be a windfall for the Plaintiff's attorneys. Consequently, this Court **ORDERS** payment of attorneys' fees at $350 per hour for 19 hours totaling $6,650.00.

  I.     Background

In 2011 and 2012, Plaintiff successfully challenged the Commissioner of Social Security's decision to deny her disability benefits.[3] Consequently, this Court awarded the Plaintiff $3,359.42 in attorneys' fees under 28 U.S.C. § 2412.[4] On remand, the Commissioner awarded the Plaintiff $60,636.20 in past-due benefits.[5] The Plaintiff now asks this Court to

---

[1] Doc. 42.
[2] Doc. 44.
[3] Docs. 1 & 25.
[4] Doc. 32.
[5] Doc. 42-2.

Case No. 11-CV-806
Gwin, J.

approve allotting 25% of the award, or $15,159.05, to her attorneys because of their contingency fee agreement. The Plaintiff's attorneys say they will refund their prior attorneys' fees if this Court approves an award greater than $3,359.42.[6]

II. Analysis

This Court must determine what is a reasonable attorneys' fee in this case.

In a typical Social Security action, a plaintiff sues the Commissioner for denying a benefits claim. When a plaintiff wins, she receives a payment of "past-due benefits" totaling what she would have received were her claim not originally denied.[7] Under 42 U.S.C. § 406(b), an attorney may receive up to 25% of a past-due benefit award. However, courts must review the reasonableness of contingency fees.[8]

In the Sixth Circuit, there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless . . . the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."[9]

Factors courts consider in determining whether a contingency fee payout constitutes a windfall include (1) "the standard rates applied to social security fee requests"[10]; (2) whether an award is more than twice the standard hourly rate[11]; and (3) the "the 'brevity' . . . of the representation."[12] "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."[13]

---

[6] Doc. 42 at 4.
[7] 42 U.S.C. § 404(a)(1)(B)(i).
[8] *Gisbrecht v. Barnhart*, 535 U.S. 780, 807 (2002).
[9] *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).
[10] *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).
[11] *Hayes*, 923 F.2d at 422.
[12] *Lasley*, 771 F.3d at 310.
[13] *Gisbrecht*, 535 U.S. at 808.

Case No. 11-CV-806
Gwin, J.

Here, the Plaintiff's attorneys would enjoy a windfall if this court approved a rate of $797.84 per hour. In Ohio, the standard billing rate for Social Security cases is $250 per hour.[14] The Plaintiff's request for $797.84 per hour is more than double the standard rate. Additionally, although this Court acknowledges that the Plaintiff's attorneys succeeded, they only represented their client for 19 hours—a relatively brief amount of time.[15] Therefore, this Court reduces the attorneys' fees to $350 per hour for 19 hours totaling $6,650.00.

III. Conclusion

Accordingly, this Court **ORDERS** payment of attorneys' fees at a rate of $350 per hour for 19 hours totaling $6,650.00. The Plaintiff's attorneys must also **REFUND** the Plaintiff the $3,359.42 in attorneys' fees this Court previously awarded.

IT IS SO ORDERED.

Dated: January 4, 2017          *s/           James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[14] The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013*, at 40 available at : https://www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconOfLawPracticeOhio.pdf. Paying the Plaintiff's attorneys $350 per hour compensates them in the 95th percentile for Ohio social security cases.
[15] Docs. 42-4 & 42-5.

-3-